UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN KOMINIAK,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                              Defendants. | Case No.:  25-cv-3113-LL-DEB<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>**[DKT. NOS. 3 and 8]** |

This Report and Recommendation on the County of San Diego's Motions to Dismiss Plaintiff Bryan Kominiak's Complaint is submitted to United States District Judge Linda Lopez pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(e). For the reasons set forth below, the undersigned recommends **GRANTING** the County's Motion (Dkt. No. 8) with leave for Plaintiff to amend his 42 U.S.C. § 1983 claim against the County and Sheriff Martinez.

## I.   BACKGROUND

### A.   Procedural Background

Kominiak initially filed this case in the California Superior Court against the County of San Diego, the San Diego County Sheriff's Department, Sheriff Kelly A. Martinez, and John Does 1–15. Dkt. No. 1-2. His Complaint alleged causes of action under 42 U.S.C § 1983 for violation of the Fourteenth Amendment, Title II of the Americans

with Disabilities Act ("ADA"), California Government Code § 845.6, and professional negligence. *Id.*

The County removed the case to this Court. Dkt. No. 1. The County filed a Motion to Dismiss Kominiak's Complaint. Dkt. No. 3. The Court did not rule on that Motion, nor did Kominiak submit an opposition.

Kominiak then filed the operative First Amended Complaint ("FAC") against the same Defendants alleging claims under the Fourteenth Amendment, 42 U.S.C. § 1983, and Title II of the ADA. Dkt. No. 5.[1]

The County's present Motion to Dismiss argues the FAC fails to state a claim (Rule 12(b)(6)) and does not provide a short and plain statement that puts the County on notice of the claims (Rule 8(a)(2)). Dkt. No. 8. Kominiak opposes the Motion, and the County has replied. Dkt. Nos. 9, 11.

**B.   Factual Background**

The allegations in Kominiak's FAC are assumed true for the purposes of this Motion. *See Cahill v. Liberty Mut. Ins.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The FAC alleges the following:

- On December 28, 2023, Kominiak, a pretrial detainee at the George Bailey Detention Facility ("GBDF"), awoke with sharp pain in his left ear. Dkt. No. 5 at 6.[2] He became dizzy, fell, and hit his head. *Id.* A fellow inmate reported a "man down"

---

[1] Kominiak's filing of a FAC renders the County's first Motion to Dismiss the Complaint moot. The undersigned, therefore, recommends denying Defendant's Motion to Dismiss at Docket No. 3 as moot. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' . . . Because the [d]efendants' motion to dismiss targeted the [p]laintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . .") (citations omitted).

[2] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

25-cv-3113-LL-DEB

to a "[D]eputy Corporal", who arrived on scene with other deputies. *Id.* Kominiak informed the deputies about his ear pain. *Id.* One deputy responded with incredulity, refused to refer Kominiak to medical, and ordered him to return to his bunk. *Id.* at 6–7. Approximately fifteen minutes later, Kominiak informed a "[D]eputy Sergeant" that he was in distress, and the "Corporal" denied him medical care. *Id.* at 7. The "[D]eputy Sergeant" ordered Kominiak to the GBDF Medical Treatment Center ("Treatment Center") and deputies took him there within minutes. *Id.* At the Treatment Center, a nurse evaluated Kominiak, diagnosed an ear infection, and prescribed 650 mg of Tylenol and medicated ear drops. *Id.*

- Between December 28, 2023, and January 6, 2024, Kominiak's symptoms worsened. *Id.* He experienced increased ear pain, hearing loss, dizziness and disorientation, loss of appetite, and difficulty sleeping. *Id.* Two deputies contacted medical staff to request further medical evaluation, but medical staff denied their requests. *Id.* Kominiak submitted multiple medical request forms and, on December 31, 2023, he submitted an inmate grievance form but did not receive a response. *Id.* at 8. After Kominiak inquired, a "[D]eputy Sergeant" told him there were no administrative remedies for medical service requests. *Id.*

- On January 6, 2024, Kominiak again awoke with ear pain. *Id.* He called his mother, who contacted GBDF staff on Kominiak's behalf. *Id.* Ten minutes later, deputies took Kominiak to the Treatment Center. *Id.* Upon arrival, the same nurse that previously evaluated him made disparaging and mocking remarks regarding Kominiak needing his "mommy" to manage his affairs. *Id.* Kominiak was then evaluated by a doctor, who prescribed 800 mg of Ibuprofen, continued medicated drops, and added an oral antibiotic. *Id.* at 9. Within twenty-four hours, Kominiak's pain significantly improved, and almost all symptoms disappeared. *Id.* Kominiak suffered complete hearing loss in his left ear. *Id.*

25-cv-3113-LL-DEB

## I.    LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the claims asserted and "the grounds upon which [those claims] rest[]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill*, 80 F.3d at 337–38. A court, however, need not accept conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Because Kominiak proceeds pro se, the Court construes his filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court, however, cannot "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 267, 268 (9th Cir. 1982).

## II.    DISCUSSION

The County argues Kominiak's FAC fails to state a plausible claim for relief under the Fourteenth Amendment, 42 U.S.C. § 1983, and Title II of the ADA, and does not include a short and plain statement showing he is entitled to relief. Dkt. No. 8.

4

**A.**      **Kominiak's Fourteenth Amendment and 42 U.S.C. § 1983 Claims**

"The Civil Rights Act codified in 42 U.S.C. § 1983 provides a cause of action against state officials who deprive a plaintiff of [his] federal constitutional rights." *Sinclair v. City of Seattle*, 61 F.4th 674, 678 (9th Cir. 2023). "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (citation omitted).

State and local governments are not vicariously liable under § 1983 for injuries caused by their employees or agents. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978). Instead, a plaintiff may recover under *Monell* under one of three theories. First, "a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), *overruled on other grounds* by *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) (quoting *Monell*, 436 U.S. at 708). Second, "under certain circumstances, a local government may be held liable under § 1983 for acts of 'omission,' when such omissions amount to the local government's own official policy." *Id.* (citation omitted). Third, "a local government may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 1250 (citation and quotations omitted).

The County's Motion to Dismiss argues Kominiak's FAC does not plead a viable *Monell* claim. Assuming, without finding, that Kominiak's FAC sufficiently alleges a person or persons violated his Fourteenth Amendment right, the Court agrees that it fails to plausibly allege this violation was the product of a County policy or practice.

25-cv-3113-LL-DEB

The FAC's only mention of a policy or practice is that the County had a "policy and practice of deferring to the decisions concerning whether a detainee should be transported to medical made by medical staff [sic] who are not in the detainee['s] presence." Dkt. No. 5 at 13. Viewed in the context of the FAC's other allegations, however, this does not plausibly allege that the County had an unconstitutional policy or practice.

The FAC alleges that GBDF deputies may: (1) unilaterally refuse to transport a detainee to medical; (2) unilaterally decide to transport a detainee to medical; or (3) consult medical personnel to determine whether a detainee requires medical evaluation. According to the FAC, Kominiak experienced all three. *See id.* at 6–7 (when Kominiak first complained of ear pain, a "[D]eputy Corporal" responded with incredulity, refused to refer Kominiak to treatment, and ordered him to return to his bunk); *id.* at 7 (fifteen minutes after the first deputy refused to refer Kominiak to medical, a "[D]eputy Sargeant" ordered that Kominiak be taken to medical, and deputies transported him there within minutes); *id.* (two deputies contacted medical staff to request further medical evaluation, but medical staff denied their requests); *id.* at 8 (deputies transported Kominiak to medical ten minutes after his mother called).

The Court has found no law holding a policy or practice that: (1) vests deputies with unilateral authority to bring a detainee to medical on their own accord; and (2) also gives deputies the ability to consult with medical professionals about the need for medical evaluation, is unconstitutional. On the contrary, one would reasonably expect that officers (who are not medical professionals) can and should have the ability to consult those trained in the medical arts to determine whether a detainee exhibiting or complaining about certain symptoms should be brought for medical evaluation. *Cf. Dobbey v. Liping Zhang*, 608 F. App'x 406, 408–09 (7th Cir. 2015) (finding no unconstitutional deliberate indifference to serious medical needs when a medical technician declined to dispatch a detainee to the health care unit after discussing the detainee's non-emergency symptoms over the phone with a corrections officer).

6

In sum, the FAC's allegations that GBDF deputies deferred to medical staff in determining whether to transport Kominiak to medical for a follow-up evaluation of his ear infection does not plausibly allege the County had an unconstitutional policy or practice. The undersigned, therefore, recommends GRANTING the County's Motion to Dismiss the first (Fourteenth Amendment) and third (42 U.S.C. § 1983) claims in Kominiak's FAC. *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011) (affirming dismissal where "[t]he Complaint lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that his constitutional deprivation was the result of a custom or practice of the City . . . or that the custom or practice was the 'moving force' behind [plaintiff's] constitutional deprivation.") (citation omitted); *Holden*, 978 F.2d at 1121 (courts must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff.") (citation omitted).

**B.    Kominiak's ADA Claim**

The second claim in Kominiak's FAC alleges a violation of Title II of the ADA, 42 U.S.C. § 12132. Dkt. No. 5 at 12. The FAC, however, does not plead sufficient facts to support a plausible conclusion that Kominiak was disabled, discriminated against, and/or denied services because of a disability.

To state a claim under Title II of the ADA, a plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002) (*per curiam*).

Kominiak's FAC does not allege that he was disabled within the meaning of the ADA. 42 U.S.C. § 12102(1). Instead, the FAC alleges that Kominiak developed an ear infection that caused pain, dizziness, disorientation, loss of appetite, difficulty sleeping,

7

and hearing loss. Dkt. No. 5 at 12. These allegations do not describe a failure to accommodate a disability or disability-based discrimination. Instead, they describe a failure to treat an illness, which may have resulted in a disability (i.e., hearing loss). This is not an ADA case. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."), *overruled in part on other grounds by Castro*, 833 F.3d at 1064; *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice."). The undersigned, therefore, recommends dismissing the second (ADA) claim in Kominiak's FAC.

### C.     Kominiak's Claims Against Sherriff Kelly A. Martinez

Although Defendant Sherriff Kelly A. Martinez has not appeared, the undersigned has sua sponte reviewed the FAC's claims against her and recommends dismissing them.

"In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . ." *Jones*, 297 F.3d at 934. A plaintiff cannot "hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct." *Id.* at 935; *see also Cavanaugh v. County of San Diego*, No. 3:18-cv-02557-BEN-LL, 2020 WL 6703592, at *30 (S.D. Cal. Nov. 12, 2020) (dismissing claims against San Diego Sheriff Gore because plaintiff did not plead personal acts relating to the duties and responsibility as the Sheriff that connected him to the constitutional violations at issue).

Kominiak's FAC does not allege that Sherriff Martinez personally participated in denying medical treatment. The FAC's only mention of Sheriff Martinez is that she is sued in her personal and official capacities pursuant to 42 U.S.C § 1983. Dkt. No. 5 at 5, 13. The undersigned, therefore, recommends dismissing Sherriff Martinez.

### D.     Leave to Amend

Considering Kominiak's pro se status, the undersigned recommends granting another opportunity to amend his pleading against the County and Sheriff Martinez in her

25-cv-3113-LL-DEB

personal capacity. At this stage, it is not clear that Kominiak cannot state a plausible *Monell* claim against the County or a viable personal capacity claim against Sherriff Martinez. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

The Court, however, recommends dismissing Kominiak's ADA claim without leave to amend. The facts alleged clearly establish that this case does not implicate the ADA. Any amendment, therefore, would be futile. *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

### E.    Compliance With Federal Rule of Civil Procedure 4(m)

Both Kominiak's original Complaint (filed on November 12, 2025) and FAC (filed on December 12, 2025) name Doe defendants. However, no Doe defendants have been identified and served.

Federal Rule of Civil Procedure 4(m) requires service on all defendants no later than 90 days after the complaint is filed. FED. R. CIV. P. 4(m). Otherwise, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* The 90-day period for service of the Doe defendants has expired. However, considering Kominiak's pro se status and the challenges he faces as an incarcerated litigant, the undersigned recommends extending the Rule 4(m) deadline for Kominiak to identify and serve any additional defendants by 90 days. *See Newman v. Berryhill*, No. 3:19-cv-0036-WQH-NLS, 2019 WL 13198260, at *2 (S.D. Cal. Apr. 11, 2019) (finding good cause to extend the Rule 4(m) deadline considering plaintiff's pro se status).

The Court also grants Kominiak leave to serve early discovery on the County limited to identifying the Doe defendants. *See* FED. R. CIV. P. 26(d)(1).

25-cv-3113-LL-DEB

The Court encourages Kominiak to review the information on "Representing Yourself in Federal Court (Pro Se)" available on the Court's website.[3]

## III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:

**(1) APPROVING AND ADOPTING** this Report and Recommendation;

**(2) DISMISSING** the 42 U.S.C. § 1983 claim against the County of San Diego WITH LEAVE TO AMEND**, and DISMISSING** the Fourteenth Amendment claim against the County of San Diego WITHOUT LEAVE TO AMEND;[4]

**(3) DISMISSING** the ADA claim against all Defendants WITHOUT LEAVE TO AMEND;

**(4) DISMISSING** the personal capacity claims against Sheriff Kelly A. Martinez WITH LEAVE TO AMEND, and **DISMISSING** the official capacity claims against Sheriff Kelly A. Martinez WITHOUT LEAVE TO AMEND;[5]

---

[3] *See Representing Yourself in Federal Court (Pro Se)*, U.S. DIST. CT. S.D. CAL., https://www.casd.uscourts.gov/Prose.aspx [https://perma.cc/YGF6-NQPQ].

[4] A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. *Jones*, 297 F.3d at 934 ("Section 1983 . . . is the vehicle whereby plaintiffs can challenge actions by governmental officials."); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ( "Plaintiff has no cause of action directly under the United States Constitution."); *Rogers v. City of Grover Beach*, No. 2:18-cv-10590-PSG-ADS, 2020 WL 5868038, at *2 (C.D. Cal. Aug. 21, 2020) (the "Fourteenth Amendment[] to the United States Constitution do[es] not in and of [itself] create a cause of action, so any claim brought for violation of the . . . Fourteenth Amendment must be brought pursuant to 42 U.S.C. § 1983."). Thus, Kominiak's cause of action claiming his Fourteenth Amendment right was violated fails to state a cognizable legal claim and should be dismissed without leave to amend.

[5] Kominiak cannot bring an official capacity claim against Sheriff Martinez. *See Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) ("[S]tate officials sued in their official capacities are not 'persons' within the meaning of § 1983" except when

**(5) ORDERING** Kominiak to accomplish the following no later than ninety days after the adoption and approval of this Report and Recommendation:

    a.  Identify all Doe defendants;

    b.  File a third amended complaint curing the pleading deficiencies identified above and substituting named defendants for Doe defendants; and

    c.  Serve the summons and third amended complaint on all defendants.

The undersigned **GRANTS** Kominiak leave to serve early discovery on the County limited to identifying Doe defendants.

**IT IS ORDERED** that no later than **July 23, 2026**, any party may file written objections to this Report and Recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **July 30, 2026**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: **July 8, 2026**.

Honorable Daniel E. Butcher
United States Magistrate Judge

---

"sued for *prospective injunctive relief*") (citation omitted). Kominiak is not seeking injunctive relief, and the FAC does not allege any ongoing unconstitutional conduct the Court could enjoin.